■ VICTOR S. LAIT et al., Individually and as Stockholders of DATA-GUIDE, INC., Respondents, v. JOSEPH L. LEON et al., Appellants.— In a stockholders' derivative action, defendants appeal as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated January 2, 1963 (see 37 Misc 2d 800), as denied their motion, made pursuant to the Rules of Civil

Practice, to dismiss the amended complaint (1) for patent insufficiency (rule 106, subd. 4); (2) as barred by the Statute of Limitations (rule 107, subd. 5); and (3) on the ground of *res judicata* (rule 107, subd. 4). The court granted defendants' motion to strike the seven causes of action as redundant and repetitious (rule 103) to the extent of granting leave to the plaintiffs "to serve a further amended complaint including in one cause of action, in paragraphs numbered consecutively, each as nearly as may be contained in a separate allegation, the various acts or categories of acts which serve as the basis for the plaintiffs' claim." The court also granted defendants' motion to make certain paragraphs of the amended complaint more definite and certain (see 37 Misc 2d 800). Order, insofar as appealed from, affirmed, with $10 costs and disbursements. Defendants' time to answer the second amended complaint is extended until 20 days after entry of the order hereon. The first cause of action sufficiently alleges, as do the other causes of action, various acts of misappropriation of corporate property and funds as well as misappropriation of a corporate opportunity to pay lower royalties to authors (see *Guth* v. *Loft, Inc.*, 5 A. 2d 503 [Del.]; *Blaustein* v. *Pan American Petroleum & Transp. Co.*, 293 N. Y. 281, 300; *Saranac & Lake Placid R. R. Co.* v. *Arnold*, 167 N. Y. 368, 374). Such claims are subject to the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 8; *Myer* v. *Myer*, 271 App. Div. 465). Inasmuch as the other allegations of the amended complaint state a cause of action, we do not pass upon the question whether a cause of action is sufficiently pleaded on behalf of the corporation as a third-party beneficiary upon an alleged agreement between the plaintiff stockholders and the individual defendants limiting the salaries to be paid to the latter. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.