■ MICHAEL BERNSTEIN, Individually and as a Shareholder of Polo Fashions, Inc., Suing on Behalf of Himself and All Other Shareholders Similarly Situated, and in the Right of Polo Fashions, Inc., Respondent, v POLO FASHIONS, INC., et al., Appellants.—Order, Supreme Court, New York County, entered February 6, 1976, denying defendants-appellants' motion to dismiss the second through fifth causes of action of the amended complaint for failure to state a cause of action, or, alternatively for summary judgment, unanimously modified, on the law, in the following respects: (1) the second cause of action is severed until such time as the third cause of action has been tried and if defendants prevail on the third cause of action the second cause of action should be dismissed; (2) the fourth cause of action is dismissed for failure to state a cause of action. As so modified, the order appealed from is affirmed, without costs and without disbursements. Plaintiff, individually, on behalf of himself and all other stockholders of defendant Polo Fashions, Inc. (Polo), and also in the right of Polo charges, in the second cause of action, that defendant Lauren, the corporation's president, board chairman and major stockholder wasted and mismanaged corporate assets. Though this cause of action cannot be advanced by plaintiff in his individual capacity, and his allegations do not support a class action, he has standing to assert it derivatively provided he was a stockholder at the time the alleged wrongs were committed, at the time of trial, and at the time of entry of judgment *(Miller v Miller,* 256 App Div 846, affd 280 NY 716; *Tenney v Rosenthal,* 6 NY2d 204, 211). Whether he has the right to maintain a stockholder's derivative action depends, therefore, upon the outcome of the third cause of action for there it is alleged Polo and Lauren perpetrated a fraud on him in the preparation of a stock purchase agreement which differed from an earlier option agreement in that it required

plaintiff sell his shares of Polo stock to Lauren and the corporation whether he be discharged with or without cause. Reformation of the stock purchase agreement to have it conform with the option agreement or rescission of the stock purchase agreement is the relief sought. Should he succeed he will possess an equitable interest in Polo's stock and have the right to institute a stockholder's derivative action. (Business Corporation Law, § 626, subd [a].) Thus, at this juncture he does not lack standing as a matter of law. Since his right to maintain the derivative action will be determined by the outcome of his efforts to reform or rescind the stock purchase agreement the second cause of action should be severed pending disposition of the third cause of action. If plaintiff does not prevail on the third cause of action, the second should be dismissed for failure to state a cause of action. Because a director, officer or agent of a corporation may not be held liable for inducing his corporation to violate its contractual obligations *(Greyhound Corp. v Commercial Cas. Ins. Co.,* 259 App Div 317), the fourth cause of action charging Lauren with having wrongfully induced Polo to breach its employment agreement with plaintiff, must be dismissed. The fifth cause of action was properly sustained for the acts and conduct alleged therein bring Polo and Lauren within the clearly recognized principle that a contracting party may be charged with a separate tort liability arising from a breach of duty which is distinct from, or is in addition to, the breach of contract. *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 179.) And, as it is alleged that defendant Levin actually participated in the scheme to defraud respondent and knowingly and personally made false representations to him the fifth cause of action is also sustainable as to him. Concur—Markewich, J. P., Birns, Capozzoli, Nunez and Yesawich, JJ.