■ In the Matter of LEO BLANK, Respondent, v PREMIUM GAS SERVICE, INC., et al., Appellants.—Appeals from (1) a judgment of the Supreme Court at Special Term, entered April 18, 1977 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition· and granted petitioner's cross motion for summary judgment seeking to compel respondents to produce books and records and (2) an order of said court, entered June 22, 1977, which granted respondents' motion for reargument, renewal and reconsideration and adhered to and confirmed the original determination. This is an article 78 proceeding in the nature of mandamus to compel respondent, Premium Gas Service, Inc., to submit all books and records for inspection and examination by petitioner. Petitioner, inter alia, asserts that since 1957 he owned more than 5% of Premium's capital stock; that a written demand upon Premium was made pursuant to section 624 of the Business Corporation Law; that such demand was refused; and that the inspection is sought solely to further Premium's business interest. Respondents' answer denies all allegations material to establishing petitioner's right to inspection, including petitioner's ownership of capital stock in the corporation. Respondents' answer also contains two counterclaims alleging abuse of process and bad faith on the part of petitioner and seeks compensatory and punitive damages. Special Term denied respondents' motion to dismiss and granted petitioner's cross motion for summary judgment and severed the two counterclaims. Thereafter, the court granted respondents' motion to reargue and adhered to the original determination. These appeals ensued. The judgment and order should be affirmed. Paragraph (f) of section 624 of the Business Corporation Law confers broad discretion on the court to compel the production of books and records of a corporation. Here petitioner alleges ownership of 5% of the corporate stock. This allegation is substantiated by letters from respondent, Robert Blank, to petitioner dated January 19, 1976 and September 24, 1976, and an affidavit of Bernard Blank, a shareholder, officer and director, dated February 9, 1977. Considering the record in its entirety, we are of the view that respondents have failed to justify their refusal to produce the records demanded. We have considered the other issues raised by respondents and find they lack merit and require no further comment by us. Judgment and order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.