ROCHA TOUSSIER Y ASOCIADOS, S. C., on Behalf of Itself as Sole Shareholder of Intermediary Management Group Services, Inc., and in the Right of Intermediary Management Group Services, Inc., Appellant, v RODRIGO R. RIVERO et al., Respondents.

First Department, January 13, 1983

### APPEARANCES OF COUNSEL

*Kenneth E. Warner* of counsel (*Marjorie M. Smith* with him on the brief; *Coblence & Warner,* attorneys), for appellant.

*Robert B. Smith* of counsel (*Jerome Kowalski* with him on the brief; *Finley, Kumble, Wagner, Heine, Underberg & Casey,* attorneys), for Rodrigo R. Rivero, and others, respondents.

*Robert W. Kolhus* of counsel (*Issler & Schrage, P. C.,* attorneys), for J. Ross MacLennan and another, respondents.

*John B. Foley* of counsel (*McCormick, Dunne & Foley,* attorneys), for National Union Fire Insurance Company of Pittsburgh and another, respondents.

### OPINION OF THE COURT

MURPHY, P. J.

Plaintiff Rocha Toussier y Asociados, S. C. (RTA) is a *sociedad civile* formed under Mexican law. A *sociedad civile* has features of both a corporation and a partnership. For purposes of this discussion, it will be termed an association. In 1980, RTA had three shareholders. Rodrigo Rocha owned 45%; his brother, Jose, owned 5%; Ellis Toussier controlled the remaining 50%. Shortly before June 4, 1980, Toussier apparently resigned from RTA. On or about June 4, 1980, Toussier revoked his resignation. Rodrigo and Jose, however, expelled him from the association on or about that same date. The Rocha brothers, on or about July 23, 1980, purportedly suspended the business activities of RTA with a view toward ultimate dissolution and liquidation.

On or about August 5, 1980, Toussier sought an ex parte order in the Forty-Second Civil Court of the City of Mexico. That court issued an ex parte order appointing one Humbert Gomez Reyes as a *depositario* (temporary receiver) of

RTA and granting Toussier an injunction. On or about October 28, 1980, Toussier filed a complaint in the Mexican court challenging his expulsion from the plaintiff; he also sought an accounting. On or about August 26, 1981, the Mexican court confirmed its appointment of Reyes as temporary receiver. That matter is now on appeal in the Mexican court system. It is expected that the appeal will take several years.

The temporary receiver, on or about May 12, 1981, authorized the institution of this stockholders' derivative action. RTA is the sole shareholder of defendant Intermediary Management Group Services, Inc. (IMG). Defendants Rodrigo Rocha, J. Ross MacLennan, Jorge Henriquez Dominguez and Shelby Darbishire were officers and/or directors of IMG. Those same individuals together with defendant Howard Chickering are alleged to be stockholders or beneficial owners of stock and officers and directors of corporate defendants Insurance Management Group, Ltd. (Ltd.), IMG Holdings, Ltd. (Holdings) and Clarendon Insurance Company of Bermuda (Clarendon). In this derivative action, plaintiff alleges that the individual defendants wasted IMG's assets and diverted them to their corporations, (i) Ltd., (ii) Holdings and (iii) Clarendon. Defendants National Union Fire Insurance Company and American Home Assurance Company are joined in the action because they allegedly breached their contractual obligation to IMG in agreeing to pay a $769,500 fee to Ltd.

The defendants moved to dismiss the complaint under multiple theories. Special Term dismissed the complaint under one theory, *forum non conveniens* (CPLR 327). It did not address the merits of the other theories raised by the defendants. In its opinion, the court concluded with these remarks: "The action herein involves a Mexican corporation formed and allegedly dissolved in Mexico. One of the former partners is challenging the dissolution of the firm in Mexico. The appointment of the receiver occurred in Mexico and the appeal challenging the appointment of the receiver is pending in Mexico. The action herein was commenced in his capacity as receiver of the plaintiff Mexican corporation. The more appropriate forum for the entire action is the judiciary in Mexico."

Ltd. and Clarendon are the only defendants to raise a jurisdictional issue. Ltd. is incorporated in the Cayman Islands; Clarendon is incorporated in Bermuda. Conflicting affidavits are submitted on the issue of whether those defendants are doing (CPLR 301) or transacting (CPLR 302, subd [a], par 1) business in New York State. Therefore, the issue of jurisdiction over those two defendants should be decided after an evidentiary hearing on the matter. The special referee appointed will issue a report to Special Term, Part I, together with his recommendations. Pending the receipt of that report, all other issues raised by those defendants' papers will be held in abeyance for disposition, if necessary, by Special Term.

■ The remaining defendants raised several issues that will be considered seriatim. First, the defendants argue that the temporary receiver did not have power to commence this action. Conflicting affidavits from Mexican counsel are presented on this point. We have been convinced by the affidavit of plaintiff's expert, Raphael Cortes, that the temporary receiver had the power to proceed on behalf of RTA. We adopt Cortes' opinion that, under subparagraph VII of article 555 of the Mexican Code, the temporary receiver was empowered to take whatever "measures that prudence may advise to avoid abuses and bad management."

The defendants also contend that the temporary receiver's action was ineffective since he never reported to the Mexican court for ratification of his action as is required by article 555 of the Mexican Code. Although the defendants contested Toussier's action in the Mexican court, they did not raise this point until after the Mexican court had confirmed the ex parte order. At this late date, we shall not litigate in this forum an issue the defendants deliberately chose not to pursue in the Mexican court system. We find the temporary receiver has standing and is empowered to bring this action.

■ Second, the defendants maintain that this action is inextricably intertwined with the Mexican proceedings. It is alleged that a determination in this action will interfere with the regulation and management of the internal affairs of a foreign corporation. We can find no similarity

that would warrant a dismissal or a stay of this action. The Mexican proceeding is a dispute between shareholders over their respective interests in the association. This is a stockholders' derivative action to recover damages for mismanagement and waste. This action is quite distinct; a determination herein will not interfere with any decision that might be made by a Mexican court concerning the shareholders' interests in RTA. This matter may proceed until such time as a future Mexican determination might warrant further relief in this forum.

■ Finally, the defendants move to dismiss on the theory of *forum non conveniens.* In order to prevail upon a motion brought under CPLR 327, the movants must establish that New York State does not have a "substantial nexus" with the action (*Martin v Mieth,* 35 NY2d 414, 418; *Bader & Bader v Ford,* 66 AD2d 642, 648, app dsmd 48 NY2d 649). The complaint and the plaintiff's affidavits suggest that the waste and mismanagement of IMG's assets occurred primarily in this State. Many, if not most, of the witnesses involved in this controversy reside in the New York City area. Hence, no purpose would be served by dismissing this action and by permitting it to be reinstituted in Mexico.

■ Defendants note that Jose Rocha and Ellis Toussier are not parties to this proceeding. However, the defendants do not come forward with any pressing reason requiring their joinder. We find that those individuals are not necessary parties (CPLR 1001, subd [a]) to this derivative action. Moreover, their respective interests will be protected as the action progresses. Toussier is evidently satisfied that the temporary receiver has commenced this proceeding. Jose's interests will be protected by his brother's efforts.

For the reasons stated, the order of the Supreme Court, New York County (GOMEZ, J.), entered April 7, 1982, which dismissed the complaint on the ground of *forum non conveniens,* should be reversed, on the law. The motions to dismiss by all defendants, except Ltd. and Clarendon, should be denied, with costs. The motion by defendants Ltd. and Clarendon should be held in abeyance and the issue of jurisdiction should be referred to a special referee to hear and report, without costs.

KUPFERMAN, SANDLER, SULLIVAN and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on April 7, 1982, unanimously reversed, on the law. The motions to dismiss by all defendants except Intermediary Management Group, Ltd. and Clarendon Insurance Company of Bermuda denied. Appellant shall recover of all other respondents $75 costs and disbursements of this appeal. The motion by defendants Insurance Management Group, Ltd. and Clarendon Insurance Company of Bermuda is held in abeyance and the issue of jurisdiction referred to a special referee to hear and report, without costs and without disbursements.