Dianne Rubinstein, Respondent, v William J. Catacosinos et al., Appellants.

First Department, February 22, 1983

##### APPEARANCES OF COUNSEL

*Franklyn D. Kimball* of counsel (*W. Foster Wollen* with him on the brief; *Shearman & Sterling,* attorneys), for Applied Digital Data Systems, Inc., appellant.

*Alan R. Wentzel* of counsel (*Stephen J. King* with him on the brief; *Lane & Mittendorf,* attorneys), for William J. Catacosinos and others, appellants.

*Irving Bizar* of counsel (*Pincus Ohrenstein Bizar D'Allesandro & Solomon,* attorneys), for respondent.

##### OPINION OF THE COURT

Silverman, J.

These are appeals from an order of the Supreme Court, Special Term, which, *inter alia,* denied defendants' motions to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 3) for lack of legal capacity to sue. The chief issue is whether a stockholder, who has instituted a derivative action on behalf of the corporation, continues to have the right to prosecute the action after there has been a merger

under section 253 of the Delaware Corporation Law (Del Code Ann, tit 8), as a result of which the plaintiff's stock was converted into the right only to receive a fixed sum in cash from the surviving corporation. We hold that she does not.

This is a stockholders' derivative action brought on behalf of defendant-appellant Applied Digital Data Systems, Inc. (ADDS) complaining of sales by directors of stock in the company on the basis of inside information regarding adverse developments, and demanding an accounting to ADDS for the profits resulting therefrom.

The action was begun in July, 1980. Between September 3, 1980 and November 6, 1980, a wholly owned subsidiary of NCR Corporation (NCR), pursuant to a public tender offer, purchased over 92% of the outstanding common stock and over 92% of the outstanding preferred stock of ADDS. On November 7, 1980 a short form merger under section 253 of the Delaware Corporation Law became effective whereby ADDS merged with NCR's subsidiary. The surviving corporation of the merger is ADDS, which is now a wholly owned subsidiary of NCR. Under the terms of the merger each share of common stock was forthwith converted into the right to receive $12 in cash from the surviving corporation, and each share of preferred stock into the right to receive $27 in cash, and the holders of certificates representing outstanding shares of common and preferred stock of ADDS ceased to have any rights as shareholders of ADDS except the right to receive the specified amount of cash, or the right under Delaware Corporation Law to have their stock appraised on demand within 20 days. Plaintiff has failed to make a demand for such appraisal within the required period and thus plaintiff, as the former holder of 100 shares of common stock of ADDS, has ceased to be a shareholder of ADDS and is entitled only to receive $12 a share in cash for her stock. None of the foregoing is disputed.

It is settled law that a plaintiff stockholder in a stockholder's derivative action loses his right to continue to prosecute the action if he ceases to be a stockholder. (*Tenney v Rosenthal*, 6 NY2d 204, 210; *Bernstein v Polo Fashions*, 55 AD2d 530.) This rule has been applied where

the stockholder ceases to be a stockholder by reason of his tendering shares to secure statutory appraisal. (*Pikor v Cinerama Prods. Corp.*, 25 FRD 92 [SDNY].)

It makes particular sense to apply this rule to the present case where as a result of the merger plaintiff is entitled only to a specified amount of money, thus becoming more like a creditor than a stockholder. There is no allegation that NCR is guilty of any wrongdoing, either in connection with the merger or the alleged insider sales of stock by directors of ADDS. If the action should result in a judgment against the defendants, that judgment will be in favor of ADDS. ADDS is not interested in pursuing this case; it is in fact moving to dismiss the case. ADDS' sole stockholder is NCR and it has not indicated any desire to prosecute the case; nor has any stockholder of NCR. Plaintiff will get no benefit from the judgment. There is no reason to permit plaintiff, who has no interest in the case, to force upon ADDS and its stockholders, direct or indirect, a lawsuit for their supported benefit in which they are not interested.

Section 906 (subd [b], par [3]) of the Business Corporation Law, which permits the continuation of a shareholder's action on behalf of a merged corporation, should fairly be construed to mean the continuation of the claim on behalf of the corporation but not to preserve standing of a now nonstockholder to enforce that claim on behalf of the corporation against that corporation's will.

With respect to three of the defendant directors — Messrs. Degan, Sideris and Gunnigle — there is no allegation that they wrongfully sold any stock. These defendants are sought to be held liable only on the basis of an allegation that all of the directors "knew of the improper activity, acquiesced therein, thereby participating in the wrongs." Such an allegation has been held to be insufficient to hold nonselling directors liable in a case whose gravamen is the sale of stock by directors using inside information. (*Diamond v Oreamuno*, 29 AD2d 285, 290, affd with respect to liability of selling directors 24 NY2d 494.)

Order, Supreme Court, New York County (RYP, J.), entered September 2, 1982, which, *inter alia,* denied motions of defendants to dismiss the complaint, is modified,

on the law, to the extent of striking all decretal provisions of the order except paragraph (2) which denied defendants' motions to dismiss for failure to make a demand upon defendant ADDS' board of directors; defendants' motions to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 3) for lack of capacity to sue are granted and the complaint is dismissed in its entirety; the motion of defendants Degan, Sideris and Gunnigle to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action against said defendants is granted; and the order is otherwise affirmed, with costs and disbursements to defendants-appellants against plaintiff except that with respect to the cost of reproduction of the record or appendix each set of defendants shall recover only one half the cost thereof, respectively.

Ross, J. P., Fein and Alexander, JJ., concur.

Order, Supreme Court, New York County, entered on September 2, 1982, unanimously modified, on the law, to the extent of striking all decretal provisions of the order except paragraph (2) which denied defendants' motions to dismiss for failure to make a demand upon defendant Applied Digital Data Systems, Inc.'s board of directors; defendants' motions to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 3) for lack of capacity to sue are granted and the complaint is dismissed in its entirety; the motion of defendants Degan, Sideris and Gunnigle to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action against said defendants is granted; and the order is otherwise affirmed, with one bill of $75 costs and disbursements to defendants-appellants against plaintiff except that with respect to the cost of reproduction of the record or appendix each set of defendants shall recover only one half the cost thereof, respectively.