■ LEO BLANK, Individually and as Shareholder of PREMIUM GAS SERVICE, INC., Appellant, v JAY SCHAFRANN et al., Respon-

dents.—Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered January 15, 1986 in Sullivan County, which, *inter alia,* partially granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion to disqualify counsel.

Order affirmed, with costs, upon the opinion of Justice Lawrence E. Kahn at Special Term. Mahoney, P. J., Kane and Casey, JJ., concur.

Weiss and Levine, JJ., concur in part and dissent in part in a memorandum by Levine, J. Levine, J. (concurring in part and dissenting in part). We respectfully disagree with so much of the majority's decision which upholds Special Term's dismissal of plaintiff's complaint as against defendant Jay Schafrann, Michael Platzman, Martin Rosenblum, John McBride and Barry Golomb (hereinafter collectively referred to as defendant attorneys). The instant shareholders' derivative action is the most recent of a series of actions and proceedings arising out of disputes between plaintiff and his brother, defendant Robert Blank (hereinafter Robert), and various business associates over the ownership of several corporate and business entities in Sullivan County. In earlier litigation, plaintiff succeeded in establishing his status as a holder of at least 5% of the outstanding capital shares of stock of defendant Premium Gas Service, Inc. (hereinafter Premium) and two other corporations, entitling him to inspection of all corporate books and records *(Matter of Blank v Premium Gas Serv.,* 59 AD2d 970). In 1979, plaintiff brought an action in Supreme Court, Sullivan County (hereinafter civil action No. 2190/79) against Robert, defendant Irving Miller and Ralph Rappaport for violation of their fiduciary duties to him through alleged mismanagement, waste and misappropriation of corporate funds and corporate opportunities of Premium and other corporations for Robert's personal benefit. In that action, plaintiff sought an accounting, compensatory and punitive damages and a judgment declaring him to be the sole owner of the corporations. Plaintiff asserted similar claims involving deprivations of his ownership interests in an action commenced by Rappaport against him in 1977 in Supreme Court, New York County. In the foregoing litigations, all of which remain pending in whole or in part, Robert, Miller and the corporations named by plaintiff as party defendants herein were variously represented by defendant attorneys.

In the instant action, plaintiff sued as a shareholder of Premium and on its behalf for waste and wrongful diversion of corporate funds of Premium. The gravamen of plaintiff's

claim, as set forth in the complaint and expanded upon in the answering papers, is that in the course of all the foregoing litigation, Robert, who has been in control of the affairs of Premium, caused Premium to pay the fees and other charges of defendant attorneys for legal services rendered in the personal defense of Robert, Miller and the corporate defendants other than Premium, and that the defendant attorneys received payment for their fees and charges with knowledge that they were not for services rendered to Premium but rather on behalf of and for the benefit of the other individual and corporate parties.

Platzman, Schafrann and Golomb appeared both *pro se* and on behalf of the other named defendants and moved, in the alternative, for dismissal of the complaint on the ground of another action pending, i.e., civil action No. 2190/79 (CPLR 3211 [a] [4]) and for summary judgment (CPLR 3212). Plaintiff cross-moved to disqualify those defendants from representing any other defendants. Special Term dismissed the complaint for legal insufficiency as against defendant attorneys individually, stayed all further proceedings pending disposition of civil action No. 2190/79 and denied plaintiff's cross motion as moot.

In our view, reversal of Special Term's dismissal of the complaint for legal insufficiency is required for two reasons. First, defendants' motion to dismiss was expressly based upon the pendency of another action. No mention was made of dismissal for failure to state a cause of action (CPLR 3211 [a] [7]). Dismissal on this ground, not raised by the moving parties, was erroneous and prejudicial to plaintiff *(McLearn v Cowen & Co.,* 60 NY2d 686, 689). Second, and more importantly, giving plaintiff the benefit, as we must, of every possible favorable inference from the averments contained in the complaint and his answering papers *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634), he has adequately pleaded a shareholders' derivative cause of action against defendant attorneys. As previously described, plaintiff's claim is that Robert, in his capacity as an executive officer of Premium, caused waste and wrongful diversion of corporate funds of which defendant attorneys were the knowing, wrongful recipients. A shareholders' derivative action for waste and diversion of corporate assets is the proper vehicle for relief against not only corporate officials, but also third parties who were the beneficiaries of their misconduct *(see, Lewis v S.L. & E., Inc.,* 629 F2d 764, 768, n 10; *Papilsky v Berndt,* 466 F2d 251, 255, *cert denied* 409 US 1077; *Strain v Seven Hills Assocs.,* 75 AD2d 360, 370-371; *Lait v Leon,* 19 AD2d 540, 541).

In all other respects, we agree with the results reached by Special Term. Given the overlapping of issues with civil action No. 2190/79 and the long pendency of that action, staying further proceedings herein pending disposition of that action was within the inherent powers of the court *(see,* CPLR 2201; *Bernstein v Polo Fashions,* 55 AD2d 530, 531; *Krisel v Phillips Petroleum Co.,* 32 AD2d 628; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2201.03; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.24). As to the denial of plaintiff's cross motion to disqualify counsel, while the issue clearly was not moot, the motion was premature and should await further development of the record to determine whether an adequate factual basis for disqualification exists, once proceedings herein are resumed. For the foregoing reasons, we would modify Special Term's order by reinstating the complaint in its entirety and otherwise affirm.