■ Leo Blank, Individually and as Shareholder of Premium Gas Service, Inc., Respondent, v Jay Schafrann et al., Appellants, et al., Defendant.—Levine, J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 24, 1989 in Sullivan County, which denied defendants' motions to dismiss the amended complaint.

This appeal again involves the litigations arising out of disputes between plaintiff and his brother, defendant Robert Blank (hereinafter Robert), and his business associates over the ownership and conduct of the affairs of various business corporations and proprietorships in Sullivan County *(see,* 129 AD2d 830, 831 [dissenting opn], *revd on dissenting opn below* 70 NY2d 887). In an earlier-commenced action (hereinafter civil action No. 2190/79), plaintiff sued Robert, Irving Miller and Ralph Rappaport for "violation of their fiduciary duties to him through alleged mismanagement, waste and misappropriation of corporate funds and corporate opportunities" of defendant Premium Gas Service, Inc. (hereinafter Premium) and other corporations *(supra).* Subsequently, plaintiff brought this stockholder's derivative action on behalf of Premium. Joined as defendants were Premium, Robert, Irving Miller* and five attorneys. The gravamen of this action is that Robert, as an officer and manager of Premium, wasted and diverted corporate funds by causing the corporation to pay the personal

---

* The action against Miller was subsequently settled and, by stipulation, discontinued.

legal fees and expenses of Robert and his associates in the various other litigations between the parties, and that the attorney defendants accepted the payments with knowledge of their wrongfulness *(see, supra,* at 832).

Following service of answers to the complaint, plaintiff served an amended complaint. Defendants then moved to dismiss or, in the alternative, for a stay of all proceedings, pursuant to CPLR 3211 (a) (4), on the ground that another action was pending seeking the same relief, namely, civil action No. 2190/79. They appeal from the denial of their motion.

There should be an affirmance. While there are undoubtedly overlapping issues in this action and civil action No. 2190/79, it is highly questionable whether the criteria for dismissal under CPLR 3211 (a) (4), by way of substantial identity of parties and causes of action, have been met *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3211.21, 3211.22). Notably, none of the five attorney defendants are parties in the prior action *(see, Forget v Raymer,* 65 AD2d 953, 954). And in civil action No. 2190/79, plaintiff seeks direct recovery of damages for tortious conduct allegedly committed personally against him; here, any recovery would be on behalf of the corporation and the resultant benefit to plaintiff would be indirect and shared with other stockholders *(see, Rocha Toussier y Asociados v Rivero,* 91 AD2d 137, 140-141; *Mc Evily Plumbing & Heating Contr. v City of Rochester,* 50 AD2d 1083). At the very least, these and other distinctions between the two actions amply support Supreme Court's discretion in denying dismissal, which is to be respected on appeal *(see, Mid-State Precast Sys. v Corbetta Constr. Co.,* 133 AD2d 959, 960).

Likewise, we find no basis for disturbing Supreme Court's denial of the alternative request for a stay of all proceedings pending disposition of civil action No. 2190/79. As previously noted, a majority of defendants herein are not even parties in civil action No. 2190/79. The nonjury trial of that action has already commenced and, presumably, will be concluded before the instant suit is ready for trial. Any common issues determined in that action against plaintiff will be binding against him herein. Plaintiff also demonstrated that there are circumstances, notably the advanced ages of a number of parties and witnesses, militating against any lengthy postponement of discovery. Defendants' counterarguments of harassment and undue burdens in defending this action are purely conclusory. Thus, defendants have not shown "that justice will be disserved by [the] trial court's decision", and we should therefore

defer to Supreme Court in its exercise of discretion denying any stay *(supra)*.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.