Carole D. FRIEDMAN, William B. Weinberger, Martin and Carole Gerstenbluth, Paul Gerstenbluth, Edward and Judith Glueck, Adriene Zicklin, Lawrence Zicklin, Neuberger & Berman, Furman Selz Mager Diets & Birney, Inc., Marshall Wolf, Ira Neaman, and Mayer Horowitz, Plaintiffs–Appellants,

v.

MOHASCO CORPORATION, MHS Holdings Corporation, MHS Acquisition Corporation, Bruce C. Bruckmann, Thomas F. Creamer, Anthony C. Howkins, MHS Merger Corporation, Citicorp Venture Capital Ltd., and Citicorp Investors, Ltd., Defendants–Appellees.

No. 823, Docket 90–7666.

United States Court of Appeals, Second Circuit.

Argued Jan. 9, 1991.

Decided April 1, 1991.

Scott W. Fisher, New York City (Wolf Popper Ross Wolf & Jones, Garwin Bronzaft Gerstein & Fisher, Milberg Weiss Bershad, Specthrie & Lerach, Abbey & Ellis, New York City, Berger & Montague, Philadelphia, Pa., Pomerantz, Levy, Haudek, Block & Grossman, Trief & Olk, New York City, Meredith & Cohen, Philadelphia, Pa., Greenfield & Chimicles, Haverford, Pa., Olshan Grundman Frome Rosenzweig & Orens, Lowey Dannenberg Bemporad Brachtl & Selinger, Joseph Tabacco, New York City, and Gross, Sklar & Metzger, Philadelphia, Pa., on the brief), for plaintiffs-appellants.

Melvin A. Schwarz, New York City (Cara S. Schoen, Dechert Price & Rhoads, Kenneth M. Kramer, Shearman & Sterling, Thomas W. Pippert, Patterson, Belknap, Webb & Tyler, Paul K. Rowe, Wachtell,

Lipton, Rosen & Katz, New York City, on the brief), for defendants-appellees.

Before FEINBERG, TIMBERS and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The named plaintiffs, representing shareholder classes, appeal from the July 16, 1990, judgment of the District Court for the Southern District of New York (Richard Owen, Judge) dismissing for failure to state a claim their suit alleging fraud and breach of fiduciary duties. The essence of the claim is that the defendants fraudulently promised that debentures to be issued to complete a merger would trade at a stated price. Since the documents in which the allegedly false claims were made, quoted in the complaint, plainly state that the price was only the opinion of financial advisers as to the price the debentures would trade at when issued, Judge Owen ruled that no claim of fraud had been stated. We affirm.

## Facts

The suit arises out of a merger of Mohasco Corporation ("Mohasco") into MHS Holdings Corp. ("Holdings"). Holdings was organized by Citicorp Venture Capital Ltd. ("CVCL"), an affiliate of Citicorp, N.A., to effect the merger. In May 1988 Mohasco's Board approved a plan of merger with Holdings and its affiliates. The plan involved two steps. First, Holdings would purchase approximately 93 percent of Mohasco's outstanding common stock for $36.50 per share in cash. Second, Mohasco would convene a shareholders meeting to approve the merger of Mohasco into a wholly owned subsidiary of Holdings, MHS Acquisitions Corporation ("Acquisitions"); the merger would be accomplished by exchanging each remaining share of Mohasco for a newly issued subordinated debenture of Holdings that was expected to have a market value of $36.50. The interest rate of the debenture was to be negotiated between the two financial advisers to Mohasco, CVCL and Merrill Lynch Capital Markets ("Merrill Lynch"), a division of Merrill Lynch, Pierce, Fenner & Smith.

On May 13, 1988, Acquisition commenced a tender offer for Mohasco common stock and purchased 93.15 percent of the shares for $36.50 per share. On August 21, 1989, Mohasco and Holdings issued a proxy statement/prospectus ("the prospectus") in connection with a special stockholders meeting of Mohasco, called for September 20, 1989, to approve the merger. The prospectus announced that the debentures to be issued and exchanged for the remaining shares would bear an interest rate of 16⅞ percent. The merger was completed on September 22, 1989. Since that date, according to the complaint, "there has been effectively no market for the merger securities."

The pending litigation is a consolidation of seven lawsuits filed in the fall of 1989. The amended complaint in the consolidated action alleged eleven counts of material misrepresentations in the public filings of Mohasco and Holdings and two counts of breach of fiduciary duties. Eight of the misrepresentation counts were grounded on Rule 10b–5 and various provisions of the Securities Act of 1933 and the Securities and Exchange Act of 1934; three counts were based on state law. The core of all of the alleged misrepresentations was the allegation that the defendants' documents falsely stated that the new securities to be exchanged for shares outstanding after the tender offer "would have a market value of $36.50," Amended Complaint, ¶ 53. Judge Owen dismissed the misrepresentation counts on the ground that the documents, as quoted by the plaintiffs in the Amended Complaint, did not contain the alleged guarantee of a $36.50 market value. He dismissed the fiduciary duty counts on the grounds that the claims omitted required allegations, were barred by the exclusivity of an appraisal remedy, and were derivative claims that could not be pursued individually by the plaintiffs.

## Discussion

■ As Judge Owen correctly ruled, the documents issued by the defendants made no representation that the merger securities "would have a market value of

$36.50." On the contrary, the documents carefully made clear that the only statement about a $36.50 market value was the *opinion* of the financial advisors as to the market value they expected the debentures to have on a fully distributed basis. The initial press release announcing the merger agreement stated that shares remaining after the tender offer will be exchanged

> for a new issue of subordinated debentures which in the joint opinion of the financial advisors to the parties will have a market value on a fully distributed basis equal to $36.50.

Amended Complaint, ¶ 39. A letter from Mohasco's chairman to shareholders, describing the merger agreement, similarly referred to

> debentures which, in the joint opinion of the financial advisors ... will have a market value on a fully distributed basis equal to 36.50.

*Id.* ¶ 41. A supplement to the merger agreement explained that the

> terms of the debentures will be negotiated between Merrill Lynch and ... [CVCL] such that in the opinion of Merrill Lynch and [CVCL] ... the debentures will have a market value on a fully distributed basis equal to their principal amount."

*Id.* ¶ 43.

Though the complaint underlines the words "will have" in each of these quoted passages, that highlighting does not alter the fact that the documents expressed no guarantee of market value and referred only to the advisors' opinion of expected value. Significantly, there is no allegation in the Amended Complaint that CVCL and Merrill Lynch did not hold the joint opinion that the debenture terms they agreed upon would lead to an expected market value for the debentures of $36.50 on a fully distributed basis. Thus, the issue is simply whether a complaint states a cause of action under federal securities laws by alleging that defendants represented that securities to be issued would, in the opinion of financial advisors, have a specified market value and that the securities, when issued, did not attain the hoped for value. As the

District Court ruled, the answer is no. Appellants endeavor in their brief to reframe their theories of misrepresentation, but each attempt rests on the unavailing claim concerning the advisors' opinion of expected market value.

 The District Court also correctly dismissed the two counts purporting to plead breach of fiduciary obligations. As Judge Owen ruled, these claims could only be asserted derivately on behalf of the corporation, *see Press v. Marvalan Industries, Inc.*, 468 F.Supp. 1072, 1078 (S.D.N.Y.1979), and, after the merger, plaintiffs lack standing to assert derivative claims, *see Rubinstein v. Catacosinos*, 91 A.D.2d 445, 459 N.Y.S.2d 286 (1st Dep't 1983), *aff'd*, 60 N.Y.2d 890, 470 N.Y.S.2d 570, 458 N.E.2d 1247 (1983).

The judgment of the District Court is affirmed.