■ LEO BLANK, Individually and as Shareholder of PREMIUM GAS SERVICE, INC., Respondent, v JAY SCHAFRANN et al., Appellants, et al., Defendants.—Weiss, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered December 27, 1990 in Sullivan County, which, *inter alia,* denied certain defendants' motions for an order of preclusion.

This action is one of several arising out of claimed violations of fiduciary duties alleging mismanagement, waste and misappropriation of corporate funds of Premium Gas Service, Inc. by plaintiff's brother and others *(see,* 167 AD2d 745; 129 AD2d 830, 831 [dissenting mem], *revd on dissenting mem below* 70 NY2d 887). The issue on this appeal is focused upon the demand for a bill of particulars by defendant Jay Schafrann and interrogatories by defendant Barry Golomb, both served on plaintiff on April 17, 1990. On July 17, 1990,

Schafrann and Golomb separately moved for an order of preclusion because of plaintiff's failure to respond to either of the demands despite extensions of time. Plaintiff cross-moved to strike both items as onerous and unnecessary, burdensome and palpably improper. Most of plaintiff's complaints relate to the prolix nature of the offending documents and to overlapping issues in another related action pending in Sullivan County, case No. 2190/79. Supreme Court agreed with plaintiff, struck both the demand for a bill of particulars and the interrogatories, and stayed service of modified demands and interrogatories until after a decision in case No. 2190/79. Schafrann and Golomb have appealed.

Initially, we observe that many of the demands characterized as burdensome by plaintiff are duplicative of the items already disclosed in the related actions. As we noted in one of the previous appeals *(see,* 167 AD2d 745, *supra)* many of the defendants, including Schafrann and Golomb, are not parties to all of the other actions, which militates against any lengthy postponement of discovery. It is obvious, however, that the demand for the bill of particulars, much of which is identical to the interrogatories, seeks virtually every evidentiary fact involved in the action in excruciating detail *(see, State of New York v General Elec. Co.,* 173 AD2d 939). A bill of particulars is not a form of disclosure *(Tully v Town of N. Hempstead,* 133 AD2d 657; *Bouton v County of Suffolk,* 125 AD2d 620); rather, "[t]he purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial" *(Twiddy v Standard Mar. Transp. Servs.,* 162 AD2d 264, 265; *see, Ginsberg v Ginsberg,* 104 AD2d 482, 484). We cannot say that Supreme Court erred in striking Schafrann's demand as excessive and burdensome.

On the other hand, interrogatories are a discovery device and may be substantially broader in nature. Golomb, however, has submitted 25 pages of interrogatories, including five pages of definitions and instructions which increase their scope and the burden of answering them exponentially. Their prolix nature verges on harassment and they are patently burdensome *(see, Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873). The Trial Judge, familiar with the entirety of the action and, in this instance, the related actions, is vested with broad discretion to supervise disclosure *(see, Citizens Fid. Bank & Trust Co. v Coulston Intl. Corp.,* 160 AD2d 1110). Under the circumstances, striking the offending interrogatories was proper *(see, Spancrete Northeast v Elite Assocs.,* 148 AD2d 694). Golomb's contention that not knowing

which items are improper renders him unable to draft proper interrogatories is without merit. Courts should not prune palpably improper requests, but rather strike the offensive document in its entirety (see, supra, at 696).

We do find merit in the contentions of both Schafrann and Golomb that their prospective use of a demand for a bill of particulars and interrogatories should not be stayed or otherwise limited pending the outcome of case No. 2190/79. The Trial Judge and this court have already held that the instant action should not be stayed (see, 167 AD2d 745, supra).

Levine, Mercure and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by eliminating therefrom limitations upon defendants Jay Schafrann and Barry Golomb to serve new, reasonable and proper demands for a bill of particulars and interrogatories, and, as so modified, affirmed.