**In the Matter of David Austin JONES, Debtor.**

**Paul A.C. Dominie, Plaintiff,**

**v.**

**David Austin Jones, Defendant.**

**Bankruptcy No. 03–82750–JAC–7.**
**Adversary No. 03–80165–JAC–7.**

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Feb. 20, 2004.

Kevin Heard, Heard & Heard, P.C., Huntsville, AL, for Plaintiff.

William Chenault, Chenault, Hammond & Hall, Decatur, AL, for Defendant.

Tazewell Shepard, Huntsville, AL, trustee.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

On September 30, 2003, the plaintiff, Paul Dominie (hereinafter "Dominie"), filed the above styled complaint to except debts totaling $920,800.00 from discharge and to deny the debtor's discharge. On summary judgment, the parties have narrowed the issue to whether Jones, in his capacity as an officer and 60% shareholder of a closely-held corporation, owed Dominie, an officer and 40% shareholder, a fiduciary duty in the operation and management of the corporation within the meaning of 11 U.S.C. § 523(a)(4).[1] After consideration of the pleadings and law, the Court finds that there is no genuine issue of material fact and that, pursuant to FED.R.CIV.P. 56(c) and FED.R.BANKR.P. 7056, summary judgment is due to be entered in favor of the defendant.

## I. FINDINGS OF FACT

On June 27, 2003, the debtor filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code. On September 30, 2003, Dominie filed the above styled complaint in which he alleges that Jones' breach of fiduciary duty has exposed plaintiff to personal liability for debts owed to the IRS, City of Hunstville, and vendors of CIS Enterprises, Inc., d/b/a Floor Fashions (hereinafter "CIS"), totaling $920,800.00. Dominie maintains that Jones was responsible for filing all tax returns and submitting all payments to taxing authorities including payroll and sales taxes. Dominie alleges Jones failed to file sales tax returns and pay sales taxes to the City of Huntsville; failed to file 941 forms with the Internal Revenue Service and pay the required 941 taxes; falsified financial records; and suppressed material facts relating to the financial condition of CIS.

Jones maintains that Dominie had access to all computer systems and financial information of CIS, that Jones provided Dominie with any and all information asked for, and that Dominie mismanaged

---

1. Although various grounds were alleged in the complaint against Jones, both in plaintiff's motion for summary judgment and statement of issues, plaintiff relies now only on § 523(a)(4). Also, at the hearing on plaintiff's motion for summary judgment, counsel for plaintiff stated § 523(a)(4) was the only relief requested.

the business operations of CIS. Jones does not deny that he failed to pay required taxes, but he maintains that it was Dominie's failure to generate sales that caused the corporation to not have sufficient money to pay its financial obligations.

Jones and Dominie formed CIS, a business engaged in retail flooring sales, in 1994 and operated the flooring business together until May of 2003. Prior to his resignation, Dominie was the vice president, secretary, and treasurer of CIS. He was in charge of marketing and sales. Jones, a former certified public accountant, was primarily responsible as president of CIS for the daily financial management of the company.

Jones and Dominie regularly met to discuss sales and the companies overall financial condition. At a meeting on May 28, 2003, Jones handed Dominie a letter in which Jones disclosed that CIS owed approximately $300,000.00 to the City of Huntsville for sales taxes for the tax years 1995 to 2002, and approximately $150,000.00 to the IRS for 941 payroll taxes for the tax years 1998 to 2002. Jones further disclosed in the letter that financial statements prepared by Jones from 1998 to 2002 were "mostly made-up." Dominie maintains that although he understood finances were tight, he was shocked to learn that significant amounts of money were owed for unpaid taxes and that financial statements were falsified. Upon learning this information, Dominie immediately resigned.

On June 13, 2003, CIS filed bankruptcy under Chapter 7 of the Bankruptcy Code. Schedule E of CIS's bankruptcy schedules reflects debts owed to various taxing authorities in the amount of $592,600.00. Dominie and Jones are subject to being assessed a 100% penalty for these unpaid taxes as responsible officers of CIS.[2] Additionally, Schedule F reflects debts owed to BPI and Mohawk Corporation in the amounts of $142,683.00 and $185,517.00, respectively. Jones and Dominie personally guaranteed the debts to BPI and Mohawk Corporation. The tax debts and personal guarantees total $920,800.00, the amount Dominie seeks to have excepted from Jones' personal bankruptcy.

## II. CONCLUSIONS OF LAW

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for "fraud or defalcation while acting in a fiduciary capacity." Before the Court can find a debt nondischargeable for fraud or defalcation under this exception, the Court must find that (1) a fiduciary relationship existed between the debtor and creditor; and that (2) the debtor committed fraud or defalcation in the course of that fiduciary relationship.[3]

The term "fiduciary" has been traditionally defined as a special relationship of confidence, trust, and good faith, but most courts have found this definition to be far too broad for purposes of § 523(a)(4). Courts have limited the scope of the term for § 523(a)(4) to include only those relationships arising from express

---

**2.** *In re Chabrand,* 301 B.R. 468 (Bankr.S.D.Tex.2003)(finding debtor, in his capacity as corporate president, sole shareholder and sole director qualified as a "responsible person" against whom liability could be imposed if he willfully failed to see that trust fund taxes were paid).

**3.** *Rentrak Corp. v. Neal (In re Neal),* 300 B.R. 86, 92 (Bankr.M.D.Ga.2003); *Bookbinder v. Pleeter (In re Pleeter),* 293 B.R. 812 (Bankr. S.D.Fla.2003); *Eavenson v. Ramey (In re Eavenson),* 243 B.R. 160 (N.D.Ga.1999); *Smolen v. Hatley (In re Hatley),* 227 B.R. 757, 760 (10th Cir. BAP 1998); *Freeman v. Frick (In re Frick),* 207 B.R. 731, 734 (Bankr.N.D.Fla. 1997).

and technical trusts, and in some cases have found that statutorily-created trusts are technical trusts for purposes of § 523(a)(4).[4] Fiduciary relationships created by express trusts are typically entered into voluntarily by contract, whereas technical and statutorily-created trust relationships are imposed on the parties.[5] Whether the relationship is created by an express or technical trust, the fiduciary obligations imposed on the relationship must have existed prior to the act which created the debt to fall within the exception.[6]

■ In this case the parties were business associates. They formed a closely-held corporation and ran the flooring sales business for approximately nine years. Although there is certainly an element of trust involved in such business relationships, the parties did not voluntarily enter into an express trust for purposes of § 523(a)(4). Thus, for there to be a fiduciary relationship between the parties for purposes of § 523(a)(4), the relationship must have been imposed upon the parties by a technical or statutorily-created trust.

In *Quaif v. Johnson (In re Quaif)*, 4 F.3d 950 (11th Cir.1993), the Eleventh Circuit focused on the relationship between the debtor and creditor for purposes of § 523(a)(4). In *Quaif*, the debtor, a licensed insurance agent, failed to remit insurance premiums he collected on behalf of the insurer. The Georgia insurance code imposes a fiduciary duty on insurance agents to segregate all premiums in an account separate from the agents' personal funds and to promptly pay the premiums to the insurer. The Eleventh Circuit found that the debtor's duty to segregate premiums in an account separate from other types of funds was sufficient to establish that a statutorily-created or technical trust relationship existed between the debtor and the insurer prior to the debtor's act of defalcation. There is not a similar Alabama statute creating a duty on corporate officers and directors to segregate or account for trust funds.

The plaintiff argues that Alabama law recognizes the existence of a fiduciary duty between its officers, directors, and shareholders and cites in support of his argument ALA.CODE § 10–2B–8.31 (1975) which simply prohibits the abrogation of any fiduciary obligations imposed by common law on corporate directors and officers. Plaintiff cites only one Alabama case, *Boykin v. Arthur Andersen & Co.*, 639 So.2d 504 (Ala.1994), in support of his contention that the "existence of a fiduciary duty cannot be seriously be questioned under Alabama law," but the plaintiff's reliance on *Boykin* is misplaced because nothing in the opinion establishes the type of fiduciary duty required for § 523(a)(4) and the cases construing it which require an express or technical trust.

In *Boykin*, two shareholders sued former bank officers and the bank's accounting firm for fraud, conspiracy, professional negligence and breach of fiduciary duty. The circuit court dismissed the complaint for failure to state a claim, but the Alabama Supreme Court reversed and remanded the case for adjudication on the merits. While a substantial portion of the opinion is dedicated to examining the plaintiffs' cause of action against the accounting firm, the court did find that the individual shareholders had standing to bring suit directly against former officers

---

4. *In re Quaif*, 4 F.3d at 953; *Eavenson v. Ramey (In re Eavenson)*, 243 B.R. 160, 164 (N.D.Ga.1999).

5. *Horejs v. Steele (In re Steele)*, 292 B.R. 422, 427 (Bankr.D.Colo.2003).

6. *In re Quaif*, 4 F.3d at 953.

and directors of the bank. In this case, however, Dominie is more than simply a minority shareholder in a widely-held corporation. Dominie was also an officer and director of the corporation and he was involved in the daily management of the business.

It is also important to note that the dissent in *Boykin* cited several cases rejecting direct shareholder actions alleging breach of fiduciary duty against corporate officers and directors.[7] The dissent found that the cause of action belonged to the corporation. In this case, the cause of action for breach of fiduciary duty may very well belong to the corporation's bankruptcy trustee. CIS' trustee could bring an action against Jones or Dominie for breach of fiduciary duty. Of course, the trustee would have to establish that a fiduciary relationship existed between the officers and the corporation.

Plaintiff also cites ALA.CODE § 10–2B–8.30 (1975) and ALA.CODE § 10–2B–8.42 (1975) which set forth the general standards of conduct for corporate officers and directors. These provisions simply require corporate directors and officers to discharge their duties in good faith, with the care of an ordinarily prudent person, and in a manner believed to be in the best interest of the corporation. The duties of good faith owed by a corporate officer will not suffice to prove that a fiduciary relationship existed between Jones and Domonie for purposes of § 523(a)(4).

In *Horejs v. Steele (In re Steele)*, 292 B.R. 422 (Bankr.D.Colo.2003), the bankruptcy court held that the generic duties of trust and confidence that a Chapter 7 debtor owed in his capacity as a director in a closely-held corporation to shareholders was not sufficient to make the director a fiduciary of a technical trust such that he was exposed to liability under § 523(a)(4) for breach of those duties. Like the case before the Court, the parties in *Steele* owned and operated the closely-held corporation for several years before the relationship fell apart. After nine years, the debtor terminated the plaintiff and the corporation failed to perform on its obligation to repurchase the plaintiff's stock upon his termination. Thereafter, plaintiff's stock became worthless when the debtor sold the corporation's assets and used the proceeds to pay creditors of another corporation owned by the debtor. The bankruptcy court granted summary judgment in favor of the debtor and held that the duties owed to an individual shareholder by a corporate director are not those of a fiduciary under an express trust or a technical trust.

To determine whether a technical trust relationship existed between the parties, the court looked to state law. The plaintiff cited a Colorado statute similar to the Alabama statutes cited by Dominie, but the bankruptcy court found the duties of good faith imposed by the Colorado statute fell short of the technical trust requirement. The court concluded that the facts alleged by the plaintiff might support a state court claim by the corporation against the debtor and even possibly a breach of fiduciary duty claim by an indi-

---

7. *Boykin v. Arthur Andersen & Co.*, 639 So.2d 504, 511–512 (Ala.1994)(*citing Shelton v. Thompson*, 544 So.2d 845 (Ala.1989)(affirming summary judgment on claims alleging breach of fiduciary duty by officers and directors of a corporation brought by stockholders in their individual capacity); *Friedman v. Mohasco Corp.*, 929 F.2d 77, 79 (2nd Cir. 1991); *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.*, 868 F.2d 740, 744 (5th Cir. 1989); *Hoffman v. Optima Systems, Inc.*, 683 F.Supp. 865 (D.Mass.1988); *Gabrielsen v. BancTexas Group, Inc.*, 675 F.Supp. 367 (N.D.Tex.1987); *Enterra Corp. v. SGS Associates*, 600 F.Supp. 678 (E.D.Pa.1985)).

vidual shareholder against the debtor, but not a claim under § 523(a)(4).

Other courts have rejected similar arguments. In the case of *Cal–Micro, Inc. et al v. Cantrell (In re Cantrell)*, 329 F.3d 1119 (9th Cir.2003), the Ninth Circuit held that under California law, a corporate officer is not a "fiduciary" within the meaning of § 523(a)(4). Although officers owe fiduciary duties in their capacity as agents of a corporation, they are not, according to California law, trustees of a statutory trust with respect to corporate assets. In *Florida Dept. of Ins. v. Blackburn (In re Blackburn)*, 209 B.R. 4 (Bankr.M.D.Fla.1997), the bankruptcy court held that the general fiduciary duties owed to a corporation by its officers and directors are insufficient, by themselves, to support a claim that the officers and directors stand in a "fiduciary capacity" to the corporation for purposes of § 523(a)(4).

Based upon the foregoing, the Court concludes that the duties owed by a corporate officer and controlling shareholder in a closely-held corporation to another officer and minority shareholder are not those of a fiduciary within the meaning of § 523(a)(4). An officer and controlling shareholder of a closely-held corporation is not a fiduciary of a technical trust such that he is exposed to liability under § 523(a)(4) to an individual shareholder and officer of the corporation. To find otherwise would completely abrogate a corporate officers right to seek bankruptcy relief by allowing the non-bankrupting corporate officer to seek recourse against the bankrupting officer for all the liabilities of the failed business venture.

A separate order will be entered consistent with this opinion.