BALTIMORE REALTY CORP., Appellant, v. MURRAY ALMAN et al., Respondents.— In an action by a purchaser to compel specific performance of the sale of the outstanding shares of the common stock of the defendant corporation, the owner of real property, plaintiff appeals from an order which granted defendants' motion for summary judgment, canceled the *lis pendens* and denied plaintiff's motion for a temporary injunction, and from the judgment entered

December 15, 1952. Order modified by striking therefrom the third, fourth and fifth decretal paragraphs and substituting therefor a provision that the said motion of the defendant is denied, and as so modified the order is unanimously affirmed, with $10 costs and disbursements to appellant. The judgment entered December 15, 1952, is vacated. The complaint seeks specific performance of a contract for the sale of the entire outstanding common stock of the corporation defendant, the principal asset of which appears to be an apartment house. It is alleged that the stock cannot be acquired in the open market. Equity may enforce contracts for the sale of such stock which is closely held. (*Waddle* v. *Cabana*, 220 N. Y. 18.) The parties have not by the contract made time of the essence. On this record it cannot be said as matter of law that the failure to make the additional payment was more than an accidental technical default. (*Butler* v. *Wright*, 186 N. Y. 259; *Ballen* v. *Potter*, 251 N. Y. 224; *Hubbell* v. *Von Schoening*, 49 N. Y. 326; *Harris* v. *Shorall*, 230 N. Y. 343; *Lese* v. *Lamprecht*, 196 N. Y. 32.) A trial is required to determine whether the default was voluntary and whether there has been a bona fide sale of the stock to a party without notice of the contract with the appellant. Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ., concur.