OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to appellant, by reinstating plaintiff’s complaint except those portions of the first, second and fourth causes of action which assert claims against defendants Ingraldi, Goldman, Lakin’s Appliance Stores Broadway, Inc. and Lakin’s Appliance Stores, Inc. acting in their individual capacities and, as so modified, affirmed.
This action arises out of an agreement between plaintiff and the late Frank Silverman in which Silverman agreed to transfer 10 of his 100 shares in defendant Hampton Affiliates, *784 Inc., a predecessor of defendant Hampton Sales, Inc., to plaintiff. At the time of the agreement the shares had been pledged and delivery was not to occur until they were released from the pledge. Although the shares subsequently became available, the agreement was never completed. Instead, Silverman and his estate transferred all of the shares of Sales to the individual and corporate defendants. Defendants now contend that because they purchased the shares for value, in good faith and without notice of any adverse claim that they have a complete defense, as bona fide purchasers, to plaintiff’s claim (see, Uniform Commercial Code § 8-302 [1] [a]; [2]). Plaintiff concedes that the individual defendants took delivery of their shares of stock without notice of his rights. Accordingly, summary judgment was properly granted as to them. There are triable issues of fact, however, on whether the corporate defendant had imputed knowledge of plaintiff’s adverse claim at the time it took delivery because its agent, defendant Gross, an attorney and director of the corporation, had knowledge of Silverman’s obligation to plaintiff.
The general rule is that knowledge acquired by an agent acting within the scope of his agency is imputed to his principal and the latter is bound by such knowledge although the information is never actually communicated to it (Farr v Newman, 14 NY2d 183, 187; Henry v Allen, 151 NY 1, 9; see, Restatement [Second] of Agency § 272, at 591). Underlying the rule is the presumption that an agent has discharged his duty to disclose to his principal "all the material facts coming to his knowledge with reference to the subject of his agency” (Henry v Allen, supra, at p 9; Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 43). Defendants do not dispute that the rule applies to the facts of this case but for the "adverse interest” exception.
This exception provides that when an agent is engaged in a scheme to defraud his principal, either for his own benefit or that of a third person, the presumption that knowledge held by the agent was disclosed to the principal fails because he cannot be presumed to have disclosed that which would expose and defeat his fraudulent purpose (People v Kirkup, 4 NY2d 209, 213-214; Benedict v Arnoux, 154 NY 715, 729; Henry v Allen, supra, at pp 9-10; see, Marine Midland Bank v Russo Produce Co., supra, at pp 43-44; Restatement [Second] of Agency § 282 [1], at 611; 2 Mechem, Agency § 815, at 1399-1402 [2d ed]; 2 Pomeroy’s Equity Jurisprudence § 675, at 923-925 [5th ed]). To come within the exception, the agent must *785 have totally abandoned his principal’s interests and be acting entirely for his own or another’s purposes. It cannot be invoked merely because he has a conflict of interest or because he is not acting primarily for his principal (see, Farr v Newman, 14 NY2d 183, 190-191, supra; Henry v Allen, supra, at p 11; Restatement [Second] of Agency § 282 [1] comment c). Defendants’ moving papers contain only conclusory allegations that Gross was seriously conflicted throughout these transactions and that he and Silverman tried to defraud the corporation. These allegations do not establish sufficient adversity as a matter of law to negate imputed knowledge to the corporation at the time it took delivery of the shares.
We agree with the corporate defendant, however, that plaintiff has failed to raise a triable issue of fact on its actual knowledge of his adverse claim prior to delivery of the stock on December 8, 1975, the critical date under the Code for determining defendant Sales’ status as a bona fide purchaser. Although the minutes of the December 8th board of directors meeting and testimony contained in a pretrial deposition indicate that Gross informed the other two directors of plaintiffs claim to stock of Sales, the corporate minutes make it clear that this disclosure came only after the physical acts necessary to transfer title to Silverman’s 50 shares of Sales’ stock had been consummated.
Defendants’ contention that plaintiff lacks standing to maintain his derivative causes of action on behalf of the corporation cannot be conclusively determined at this time (see, Business Corporation Law § 626 [a]). If plaintiff is ultimately successful in this action for specific performance of the agreement to transfer stock to him, he may be entitled to maintain the shareholder’s derivative causes of action unless his right to do so was diminished or impaired by the merger of defendant Affiliates into defendant Sales (see, Business Corporation Law § 906 [b] [3]; Marco v Sachs, 201 Misc 934, affd no opn 279 App Div 1085, affd no opn 304 NY 912; Albert v Salzman, 41 AD2d 501). If the merger had been of the type designed to “freeze out” minority shareholders, then plaintiff, if a qualified shareholder, might well have lost his right to be a shareholder in the surviving corporation and similarly lost his right to present derivative claims (see, Rubinstein v Catacosinos, 91 AD2d 445, 446-447, affd 60 NY2d 890). The merger plan is not contained in the record, however, and there is nothing before us to indicate that the merger was anything but a simple exchange of shares of stock of one corporation for *786 those of another by the supposed sole shareholder, Silverman. Thus, if plaintiff is able to establish his shareholder’s status at the time of the merger by prevailing in his claim to 10% of the Silverman shares, he may be entitled to continue his derivative actions on behalf of the merged corporation. Inasmuch as plaintiffs right to maintain a shareholder’s derivative action depends upon his success on his individual causes of action, the derivative claims should be severed and held pending disposition of plaintiffs individual claims (see, Bernstein v Polo Fashions, 55 AD2d 530, 531).
Finally, plaintiff is entitled to an opportunity to prove that damages do not provide an adequate remedy and that he is entitled to specific performance of the agreement for the transfer of 10 shares of defendants’ corporate stock (see, Waddle v Cabana, 220 NY 18, 26; Baltimore Realty Corp. v Alman, 282 App Div 714, 715; 4 Pomeroy’s Equity Jurisprudence § 1402, at 1036-1037 [5th ed]). We have considered defendants’ remaining contentions and find them without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order modified, with costs to appellant, in accordance with the memorandum herein and, as so modified, affirmed.