■ UNITED ORIENT BANK et al., Appellants, v CAPITAL TESTING CORP., Respondent, et al., Defendants. [634 NYS2d 70] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about June 7, 1994, which, *inter alia*, granted defendant Capital Testing's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiffs allege that defendants perpetrated a scheme whereby plaintiffs were prevented from recovering on the security interests they allegedly held in a commercial cooperative unit. However, plaintiffs have no valid claim against Capital Testing. Indeed, the record clearly demonstrates that Capital Testing innocently purchased the unit in question for fair mar-

258

ket value, and received the shares allocated to the unit and its proprietary lease (*see,* Debtor and Creditor Law § 278; *Anderson v Blood,* 152 NY 285; *Center v Hampton Affiliates,* 66 NY2d 782). There is no evidence that Capital Testing had, or should have had, any knowledge, of the alleged scheme involving cancellation and replacement of the shares and proprietary lease. In fact, Capital Testing ordered all the necessary and customary searches before it closed on the sale of the unit; none indicated that plaintiffs had a lien or security interest in the property. Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.