■ AIGRETTE LIMITED et al., Appellants, v ERNST & YOUNG et al., Respondents. (And Other Actions.) [693 NYS2d 518] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), entered August 21, 1997, after a non-jury trial, in favor of defendant Ernst & Young and defendant Rogers & Wells, and directing plaintiffs to pay Ernst & Young fees for accounting services rendered, unanimously affirmed, with costs and disbursements. Appeal from order, same court and Justice, entered July 10, 1997, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs brought this action for malpractice by both defendant accountants and attorneys in the sale of a corporation, Dansk. Defendant Ernst & Young was the accountant for plaintiffs and had been accountant for Dansk. Defendant Rogers & Wells had represented plaintiff Aigrette and Dansk on several occasions and was retained to review the sale documents in conjunction with an offer to buy Dansk stock. Thus, plaintiff signed a stock purchase agreement with The Brown

Forman Corporation and its subsidiary Lenox, Inc. The price was the lesser of $70 million or an amount equal to the sum of $42,239,000 plus "an amount equal to the total stockholders equity of Dansk as of the Closing Date as reflected on the Final Balance Sheet, prepared in accordance with Section 2.3 below." Ninety percent of the purchase price was to be paid at the closing, with the balance due within 10 days after an audit of the Final Balance Sheet, to be conducted by Brown Forman's accountants. Central to the calculation of the Final Balance Sheet was a paragraph of schedule 2.3 stating that deferred tax benefit receivables would be computed on a net present value basis and would have an impact on the equity available and thus the final purchase price. Plaintiffs contend that the failure of Ernst & Young and Rogers & Wells to advise them of the implications of this paragraph and the need to create additional reserves for taxes reduced the equity and, thus, the ultimate actual net sales price by $4,522,460. This resulted from the limitations imposed by Financial Accounting Standard 96 (FAS 96) on the calculation and recording of the deferred tax benefit receivable asset.

The trial court's finding that Ernst & Young adequately advised the plaintiffs of the restrictions of FAS 96 is supported by the evidence. Thus, testimony from two accountants was given that they had advised plaintiff Ryan and Louis Johnson, the Chief Financial Officer for Dansk, of the limitations of FAS 96 at various times during the transaction. Further, the trial court found that Ryan was warned by Ernst & Young employees Rykowski and Goldman that the language of paragraph 19 would not accomplish the plaintiffs' tax-affecting objectives. Further, the evidence supported the finding that Ryan and Johnson were agents of Aigrette and that their knowledge of FAS 96 should be imputed to Aigrette (*see, Center v Hampton Affiliates*, 66 NY2d 782, 784-785). Moreover, having found that Ernst & Young adequately warned plaintiffs, the trial court properly dismissed plaintiffs' claim against defendant Rogers & Wells. Since plaintiffs' case proceeded on the theory that Rogers & Wells impeded Ernst & Young in giving advice on FAS 96 to plaintiffs, the court correctly concluded that the claim against Rogers & Wells had no merit in view of its finding that Ernst & Young warned plaintiffs concerning FAS 96. The trial court's findings are supported by the record and when the findings of fact in a non-jury trial rest in large measure on considerations relating to the credibility of witnesses, the decision of the fact-finding court should not be disturbed (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.