■ HAYMARKET LLC, Respondent, v D.G. JEWELLERY OF CANADA LTD., Also Known as D.G. JEWELRY LTD. and Another, Appellant. [736 NYS2d 356] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 13, 2000, which, in an action for breach of a stock purchase agreement, set aside the jury's verdict after trial in favor of defendant and directed defendant to specifically perform the agreement by issuing and delivering to plaintiff 316,933 shares of defendant's common stock, unanimously affirmed, with costs.

The stock purchase agreement between the parties entitled plaintiff purchaser to issuance of additional shares of the common stock of defendant issuer if the purchased stock failed to achieve a specified level of appreciation within two "Reset Periods," each 30 trading days long, commencing upon the effective date of the stock's Registration Statement. After the stock failed to reach the specified level of appreciation within the specified time-frame and defendant refused to issue plaintiff additional shares, plaintiff commenced this action for breach of contract. At trial, defendant interposed the affirmative defense that plaintiff had breached the implied covenant of good faith and fair dealing by participating in a scheme to depress the price of the stock through artificial and economically irrational trading practices in selling its shares.

The trial court correctly set aside the jury's verdict in favor of defendant on the ground that defendant failed to adduce sufficient evidence of the participation of plaintiff, or of the investment advisor that acted as plaintiff's agent in all relevant matters, in the improper trading practices allegedly carried out by plaintiff's broker and the market-maker to which the broker arranged to sell the shares. In this connection, we note that defendant does not challenge the trial court's ruling that the stock purchase agreement placed no limitation on plaintiff's right to sell its shares during the Reset Periods, and, therefore, defendant was required to prove some participation by plaintiff in the alleged improper trading practices, not simply that plaintiff's decision to sell its stock had the effect of depressing the stock price. We further note that defendant failed to offer any evidence that would support the inference that plaintiff or

its agent had a motive for depressing the price of the stock simply to obtain a right to demand issuance of additional devalued shares. Moreover, defendant's expert failed even to approximate the extent to which the decline in the value of the stock during the Reset Periods was caused by the allegedly improper trading practices, rather than by the mere fact that plaintiff was selling or other factors unrelated to plaintiff's actions. Accordingly, "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [individuals] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499).

Defendant's alternative argument that it should be granted a new trial based on the trial court's purportedly erroneous exclusions of evidence is unavailing, since none of the evidence at issue, even if it was improperly excluded, would have cured the deficiencies in defendant's proof. Finally, the trial court's grant of the remedy of specific performance was proper, given plaintiff's unrebutted evidence that, as of the time of trial, trading in defendant's stock was so thin that plaintiff would be unable to purchase the number of shares to which it is entitled on the open market, and nearly half of the outstanding shares were held by insiders or members of their families (*cf.*, *Baltimore Realty Corp. v Alman*, 282 App Div 714, 715). Concur— Williams, J.P., Tom, Rosenberger, Wallach and Marlow, JJ.