■ SIDNEY DINERSTEIN, Respondent, v ANCHIN, BLOCK & ANCHIN, LLP, Appellant and Third-Party Plaintiff. MEDI-BILL ASSOCIATES, INC., Third-Party Defendant-Respondent. [838 NYS2d 46]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 31, 2007, which denied the motion of defendant Anchin, Block & Anchin, LLP for summary judgment dismissing the amended complaint and the counterclaims in the third-party action, unanimously affirmed, with costs.

Although plaintiff, a stockholder and director of Medi-Bill, was not a party to the engagement letters by which Medi-Bill retained defendant to audit its financial statements, his relationship with defendant sufficiently approached privity to sustain his accounting malpractice claim as against defendant's contention that the claim must fail for lack of contractual privity (*see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536 [1985]). Defendant admits it knew that its audit reports, which were addressed to "the Stockholders and Directors of Medi-Bill," were to be used by Medi-Bill's stockholder and directors for the particular purpose of "managing and overseeing" Medi-Bill's business, but denies knowing that plaintiff would be extending a full personal guaranty for Medi-Bill's outstanding loan to the bank. That denial does not establish Anchin's entitlement to summary judgment, given defendant's awareness, at the time it began its audits of Medi-Bill, that plaintiff had already extended a personal guaranty, albeit limited, of Medi-Bill's obligations under a bank loan it had obtained. That the loan would have to be renegotiated, that plaintiff would have to extend a full guaranty in order to secure the financing to keep Medi-Bill in business, and that plaintiff in those connections would rely upon defendant's audit reports are not, on this record, circumstances unforeseeable as a matter of law. Indeed, the

very reason for retaining an accountant was to ensure the accuracy of the financial statements needed to obtain financing. These circumstances also raise an issue of fact as to whether plaintiff was an intended beneficiary of the contract between defendant and Medi-Bill, precluding summary judgment dismissing plaintiff's cause of action for breach of contract (*see Caprer v Nussbaum*, 36 AD3d 176, 199-201 [2006]). Issues of fact also exist with regard to plaintiff's cause of action for gross negligence.

Finally, the counterclaims in the third-party action were properly sustained since there are issues of fact as to whether the alleged fraudulent acts of Medi-Bill's president, on which defendant/third-party plaintiff claims to have relied in preparing its audits, are attributable to Medi-Bill (*see Center v Hampton Affiliates*, 66 NY2d 782, 784-785 [1985]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.