SUMMARY ORDER

Robin Klotz appeals from a May 28, 2008, 557 F.Supp.2d 400, order of the United States District Court for the Western District of New York granting summary judgment in favor of Defendants-Appel-lees on the ground that Klotz failed to exhaust administrative remedies. Klotz seeks the restoration of disability benefits under a plan covered by the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. § 1001 et seq. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
We review a district court’s dismissal of an ERISA claim for failure to exhaust administrative remedies de novo. See Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 219 (2d Cir.2006); Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 105 (2d Cir.2005).
The ERISA regulations require that “[ejvery employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.” 29 C.F.R. § 2560.503-l(b). A plan administrator must “provide a claimant with written or electronic notification of any adverse benefit determination.” Id. § 2560.503 — 1(g)(1); see also 29' U.S.C. § 1133(1). A claimant is entitled to appeal from an adverse benefit determination, and a “plan administrator shall notify a claimant ... of the plan’s benefit determination on review within a reasonable period of time.” 29 C.F.R. § 2560.503-l(i)(l)(i).
As used in the regulations, “[t]he term ‘notice’ or ‘notification’ means the delivery or furnishing of information to an individual in a manner that satisfies the standards of 29 C.F.R. 2520.104b-l(b).” Id. § 2560.503-1(m)(5). 29 C.F.R. § 2520.104b-l(b) requires, inter alia, that “the plan administrator shall use measures reasonably calculated to ensure actual receipt of the material by plan participants, beneficiaries and other specified individuals.”
ERISA empowers a “participant or beneficiary” to bring a civil action “to recover benefits due to h[er] under the terms of h[er] plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan.” 29 U.S.C. § 1132(a)(1). However, a participant may not file a lawsuit until she has exhausted administrative remedies. See Eastman Kodak, 452 F.3d at 219; Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 140 (2d Cir.2000)(quoting Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 594 (2d Cir.1993)).
The district court concluded that Klotz failed to exhaust administrative remedies because she did not utilize the second level of SHPS’s appeals process. Klotz argues that exhaustion should be excused because SHPS failed to provide notice that her first appeal was denied. As to notice, it is undisputed that: (1) SHPS sent notice via *670 certified mail to Klotz’s home address, which was returned as undeliverable; (2) SHPS faxed a copy of the notice to Klotz’s attorney and received a confirmation sheet indicating that the notice was successfully transmitted; and (3) the attorney failed to deliver the notice to Klotz.
Klotz asserts that 29 C.F.R. § 2520.104b-l(b) required Appellees to ensure that Klotz received actual notice of the May 10, 2006 denial of her appeal, and that they could not rely on the notice provided to her attorney. The regulation requires plan administrators to “use measures reasonably calculated to ensure actual receipt of [notice of the denial of an appeal] by plan participants.” 29 C.F.R. § 2520.104b-l(b). The use of the plural “measures” in the regulation implies that no particular method of notification is required, and that administrators have discretion to determine the appropriate delivery method in a given case.
Appellees’ reliance on providing notice to Klotz’s attorney was consistent with the principle that the relationship between a client and attorney is a principal/agent relationship. See In re Artha Management, Inc., 91 F.3d 326, 328 (2d Cir.1996); Veal v. Geraci, 23 F.3d 722, 725 (2d Cir.1994); United States v. Int’l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 986 F.2d 15, 20 (2d Cir.1993) (citing Restatement of the Law Governing Lawyers ch. 2, Introductory Note (Tent. Draft No. 5, 1992)). We have held that notice to an agent serves as notice to a principal. See New York Univ. v. First Fin. Ins. Co., 322 F.3d 750, 753 n. 2 (2d Cir.2003) (quoting Center v. Hampton Affiliates, 66 N.Y.2d 782, 784, 497 N.Y.S.2d 898, 488 N.E.2d 828 (1985)); Veal, 23 F.3d at 725. Appellees had no “reason to know that the agent ... w[ould] not transmit the message to the principal.” Corporacion de Mercadeo Agricola v. Mellon Bank Int’l, 608 F.2d 43, 46 (2d Cir.1979).
Klotz also argues that Appellees changed their rationale for the denial of benefits over the course of her appeal, thereby depriving her of a meaningful opportunity to pursue administrative remedies. But the information Klotz was asked to provide after the denial of her initial appeal was consistent with the information she was asked to provide after the initial termination of benefits. No procedural deficiency denied Klotz the notice to which she was entitled under ERISA.
Finally, Klotz points to numerous facts in dispute, which she argues preclude summary judgment, including: (1) whether SHPS first contacted Klotz as part of a periodic investigation; (2) when Klotz mailed back the authorization form sent to her on March 8, 2005; (3) inaccuracies and omissions in the record concerning when Klotz attempted to call SHPS and what she was told over the telephone; (4) how many documents SHPS turned over when Klotz’s attorney requested her records; and (5) the sufficiency of SHPS’s medical investigation into Klotz’s disability. These disputed facts are not material to the question of exhaustion. Therefore, they provide no basis for denying summary judgment.
We have considered Klotz’s remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.