◼ MARTA CHAIKOVSKA et al., Appellants, v ERNST & YOUNG, LLP, Respondent. [913 NYS2d 449]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 17, 2009 in an accounting malpractice action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for, inter alia, accounting malpractice, alleging that defendant failed to discover fraud committed by the management of World Auto Parts, Inc. (World). Before the fraud was discovered, World bought and sold used automobile and truck parts, and it relied on a line of credit loan from the Chase Manhattan Bank (Chase) for funding, among other sources. The Chase loan was calculated based on a percentage of the value of World's accounts receivable and inventory, which were pledged as collateral for the loan. The loan was guaranteed by Marta Chaikovska (plaintiff), who was the Chief Executive Officer (CEO) of World as well as the owner of 85% of its stock. Plaintiff's husband was the president of World and owned 13% of its stock. Defendant was retained by World to provide audited financial statements of its inventory and accounts receivable according to generally accepted accounting procedures (GAAP).

Chase thereafter seized World's accounts receivable and inventory, the collateral for its loan, upon discovering that World's management had inflated the value thereof by approximately $5 million, and World's business was thereby terminated. Chase sold the assets of World to a newly formed company, World Parts, LLC (World Parts), which was made up of several of World's former managers and funded by a loan from plaintiff Creek Ventures, LLC (Creek), which is owned by plaintiff's husband. World assigned its assets to World Parts, as well as World's right to recover from defendant for malpractice. World Parts quickly went bankrupt, and the right to recover from defendant was sold to Creek by the bankruptcy trustee.

Plaintiffs commenced this action, and this Court previously affirmed an order granting only in part defendant's motion to dismiss the complaint (*Chaikovska v Ernst & Young, LLP*, 21 AD3d 1324 [2005]). Plaintiffs now appeal from a subsequent order granting defendant's motion for summary judgment dismissing the remainder of the complaint. We affirm.

Contrary to the contention of plaintiffs, Supreme Court properly granted defendant's motion on the ground that the doctrine of in pari delicto barred any recovery by them from defendant. That doctrine "is an equitable defense based on agency

principles which bars a plaintiff from recovering where the plaintiff is itself at fault" (*Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 196 [2009]). Here, in this action against a corporate auditor, the "New York [in pari delicto doctrine] immunizes [the] auditor if its client had top-level managers who knew of or participated in the financial wrongdoing that gave rise to the errors in the financial statements that the auditor certified as GAAP-compliant" (*In re American Intl. Group, Inc.*, 965 A2d 763, 816 [Del Chancery Ct 2009]). Also contrary to the contention of plaintiffs, the court properly applied the doctrine to both of them.

Creek, "as assignee[ ] [of World Part's rights], acquired no greater rights than those of the assignor and took subject to all defenses and counterclaims defendant[ ] possessed against the assignor[ ]" (*Caprara v Charles Ct. Assoc.*, 216 AD2d 722, 723 [1995]; *see Madison Liquidity Invs. 119, LLC v Griffith*, 57 AD3d 438, 440 [2008]). Inasmuch as "the misconduct of managers acting within the scope of their employment will normally be imputed to the corporation" (*Symbol Tech., Inc.*, 69 AD3d at 196), the fraud perpetrated by World's managers is imputed to World, and in turn to World Parts and then to Creek, both of which acquired no greater rights than that of World and thus may not recover from defendant based on the doctrine of in pari delicto.

The same reasoning applies with respect to Chaikovska. The record establishes that World's managers, who were the agents of World and thus of Chaikovska as its CEO, were aware that they were fraudulently altering the corporate books to obtain funding for World. It is well settled that "knowledge acquired by an agent acting within the scope of his [or her] agency is imputed to his [or her] principal and the latter is bound by such knowledge although the information is never actually communicated to [the principal]" (*Center v Hampton Affiliates*, 66 NY2d 782, 784 [1985]). Thus, knowledge of the fraud is imputed to Chaikovska.

Contrary to plaintiffs' further contention, the "adverse interest" exception to the doctrine of in pari delicto does not apply under the circumstances presented here. As the Court of Appeals "emphasized in *Center*, for the adverse interest exception to apply, the agent 'must have *totally abandoned* [the] principal's interests and be acting *entirely* for his [or her] own or another's purposes,' not the corporation's" (*Kirschner v KPMG LLP*, 15 NY3d 446, 468 [2010], quoting *Center*, 66 NY2d 784-785). "So long as the corporate wrongdoer's fraudulent conduct enables the business to survive—to . . . raise

funds for corporate purposes—this test is not met" (*id.*). Here, the purpose of the fraudulent conduct by World's management was to provide a basis for Chase to continue to loan money to World, and thus the adverse interest exception does not apply.

We have considered plaintiffs' remaining contentions and conclude that none affects our decision herein. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.