11-3773 (L)
*Gasser v. Amboy Nat'l Bank*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
GERARD E. LYNCH,
*Circuit Judges.*

_____

GEORGE GASSER, GASSER CHAIR COMPANY, INCORPORATED,

*Plaintiffs-Cross-Defendants-Appellees,*

v.                                        11-3773 (Lead)
                                          11-3777 (Con)

AMBOY NATIONAL BANK,

*Defendant-Counter-Claimant-Appellant,*

GEORGE E. SCHARPF,

*Interested-Party-Appellant,*

INFANTI INTERNATIONAL, INCORPORATED, MARK INFANTI, NANCY APONTE INFANTI, VITTORIA INFANTI, MARGUERITA INFANTI, MARIELLA INFANTI, SANDERS W. GROPPER,

*Defendants.*[*]

_____

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

FOR APPELLANT AMBOY NAT'L BANK: DENNIS T. KEARNEY (Denise R. Rosenhaft, *on the brief*), Day Pitney LLP, Parsippany, NJ.

FOR APPELLANT GEORGE SCHARPF: EUGENE KILLIAN, JR., Killian & Salisbury, P.C., Iselin, NJ.

FOR APPELLEES: ALEX SPIZZ (Jill Makower, *on the brief*), Todtman, Nachamie, Spizz & Johns, P.C., New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED.**

Appellants Amboy National Bank ("Amboy") and George E. Scharpf appeal separately from a June 7, 2011 judgment and related orders of the United States District Court for the Eastern District of New York (Glasser, *J.*), holding Appellants in contempt for intentionally obstructing the district court's March 2, 2005 order (the "Auction Order") and awarding damages for that contempt. In a June 2, 2008 Memorandum and Order (the "Contempt Order"), the district court found that Scharpf intentionally interfered with the Auction Order to publicly sell Infanti International, Inc.'s assets because Scharpf orchestrated the removal of some of

2

the assets before the auction. *Gasser v. Infanti Int'l, Inc.*, No. 03-cv-6413 (ILG), 2008 WL 2323367, at *4-5, *10 (E.D.N.Y. June 2, 2008). Amboy was held vicariously liable because Scharpf, Amboy's president, was acting as its agent. *Id.* at *11-12. In a June 3, 2011 Memorandum and Order (the "Damages Order"), the district court awarded damages, attorney's fees, and costs against Appellants in the amount of $1,256,523.85. *Gasser v. Infanti Int'l, Inc.*, No. 03-cv-6413 (ILG), 2011 WL 2183549, at *26 (E.D.N.Y. June 3, 2011). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.[1]

Appellants contend that the district court abused its discretion in holding them in contempt because the Auction Order was ambiguous and the proof of Appellants' non-compliance with that order was not clear and convincing. *See, e.g.*, *Perez v. Danbury Hosp.*, 347 F.3d 419, 423-24 (2d Cir. 2003). We disagree.

The Auction Order was clear and unambiguous, providing that "Amboy shall not interfere with the Receiver's access

---

[1] In an accompanying procedural order, we address Appellants' motion to supplement the record and Appellees' cross-motion to strike portions of Appellants' briefs and for sanctions.

3

to the premises" and that "[p]ending the [sale of the assets], Amboy shall be deemed a bailee of the Assets charged with all the obligations of that status." *Gasser v. Infanti Int'l, Inc.*, 358 F. Supp. 2d 176, 179 (E.D.N.Y. 2005). While Amboy contends that the Auction Order did not "articulate what Amboy was supposed to do," it can hardly be clearer that, as a bailee, Amboy knew that it could not sabotage the auction by removing assets from the premises. *See People v. Wilson*, 93 N.Y.2d 222 (1999).

The record contains clear and convincing proof of Appellants' noncompliance with the court's order. Numerous witnesses testified that assets were removed prior to the auction or that the assets identified during Gasser's post-auction inspection were not on premises prior to the auction. There was also substantial evidence and testimony connecting Scharpf to the removal of the assets.

Given Scharpf's clear involvement in the scheme, the district court properly held Amboy vicariously liable for his malfeasance. Scharpf testified that Amboy explicitly directed him, as Amboy's employee and officer, to act as bailee of Infanti International's assets. *See, e.g.*, *United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 661 n.1 (2d Cir. 1989). Moreover, this is not a situation

4

where Scharpf "totally abandoned his principal's interests and [acted] entirely for his own or another's purposes." *Center v. Hampton Affiliates, Inc.*, 66 N.Y.2d 782, 784-85 (1985). Scharpf repeatedly testified that he was attempting to recover on the loans made by the bank and himself to Vittorio Infanti and Infanti International.

Despite the overwhelming evidence of Scharpf's malfeasance, Appellants also contend that the outcome of the case would have been different had the district court permitted "full" cross-examination of Vittorio Infanti concerning the alleged "deal" between Vittorio Infanti and Mark Gasser. *See, e.g.*, *Ricketts v. City of Hartford*, 74 F.3d 1397, 1412 (2d Cir. 1996). But Appellants fail to explain why this is so. This was a bench trial, and the district court was well aware of the alleged deal. Moreover, the district court provided Appellants ample opportunity to cross-examine Vittorio Infanti on a variety of topics and noted that they were successful in attacking his credibility.

Appellants next contend that the district court abused its discretion in the Damages Order by relying on Gasser's valuation testimony without properly qualifying him as an expert. But despite qualifying Gasser as an expert during

the evidentiary proceeding, the district court considered Gasser's estimates of the value of the equipment as fact testimony. In the Damages Order, the district court noted that it considered Gasser an expert during the evidentiary hearing because of his "lifelong experience in every stage and facet of the manufacture of chairs." 2011 WL 2183549, at *9. It went on to note, however, that a "critical reading of his testimony . . . lead[s] to the conclusion that [his estimates were] based entirely on his intimate knowledge of the subject and [were] fact rather than opinion based." *Id.* at *10.

We need not decide whether Gasser's valuation testimony was properly admitted as fact testimony because Appellants waived their challenge to the valuation of the assets. Appellants never objected to Gasser's valuation testimony or suggested that the evidence was unreliable. *See, e.g.*, *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995). Indeed, the only evidence in the record concerning the value of the assets came from Gasser. Appellants offered **no** evidence whatsoever on this point.

Finally, Appellants contend that compensatory damages should not have been awarded to Appellees because the only entity that suffered damages as a result of the removal of

6

the assets prior to the auction was the estate of Infanti International.  We disagree that Appellees were not harmed as a result of Appellants' actions.  Appellees hold a claim to the assets of Infanti International and thus, any reduction in the value of the auctioned assets harmed their ability to recover on that claim.  Arguably, the Damages Order should have awarded damages to the Receiver as representative of the Infanti estate.  As counsel for Appellants conceded at oral argument, any error was harmless because Appellees' claim had first priority and far exceeds the damages awarded in this case.

We have considered Appellants' remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk