Seaport Global Sec. LLC v SB Group Holdco, LLC (2018 NY Slip Op 04111)





Seaport Global Sec. LLC v SB Group Holdco, LLC


2018 NY Slip Op 04111


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6829 655723/17

[*1]Seaport Global Securities LLC, Plaintiff-Respondent,
v
SB Group Holdco, LLC, Defendant-Appellant.


Browne George Ross LLP, New York (Jeffrey A. Mitchell of counsel), for appellant.
Manatt, Phelps & Phillips, LLP, New York (Ronald G. Blum and Danielle Newman of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 27, 2018, which denied defendant's motion to dismiss the amended complaint and for a stay of discovery pending the motion, unanimously affirmed, with costs.
The motion court properly denied defendant's motion to dismiss the amended complaint, as it states a claim for breach of contract, including breach of the implied covenant of good faith and fair dealing. The amended complaint alleges that the parties entered into a binding contract for the sale of stock, that defendant breached the contract by refusing to transfer the shares of such stock and by failing to make commercially reasonable efforts to settle the trade and that such breach caused injury preventing plaintiff from selling the stock to a third party. Indeed, the trade confirmation in this case states that it "shall constitute a binding agreement between the parties." Defendant has failed to establish at this juncture that the trade confirmation is not enforceable based on its inclusion of language that "in the event that the trade cannot settle as a sale and assignment of the shares, the trade shall settle by a mutually agreeable alternative structure or other arrangement that affords buyer and seller the economic equivalent of the agreed-upon trade," as courts have found trade confirmations with similar language to be binding agreements (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 444, 445, 449 [2016]; Deephaven Distressed Opportunities Tradings, Ltd. v 3V Capital Master Fund Ltd., 100 AD3d 505, 505 [1st Dept 2012]; Goldman Sachs Lending Partners, LLC v High Riv. Ltd. Partnership, 34 Misc 3d 1209 [Sup Ct, NY County 2011]). The above case law also makes clear that the issue of whether the trade confirmation is an enforceable agreement is properly determined on a motion for summary judgment and not on a motion to dismiss.
Moreover, contrary to defendant's contention, plaintiff is asserting a breach of contract claim and not a claim for failure to negotiate or breach of implied contract. Plaintiff alleges that defendant breached the requirement in the trade confirmation to use "commercially reasonable efforts to settle the transaction as soon as practicable after the Trade Date."
Finally, the motion court properly denied defendant's motion to dismiss the amended complaint's requests for relief. The amended complaint adequately pleads specific performance, which is applicable to stock that is thinly traded or privately held, such as here (see Haymarket LLC v D.G. Jewellry of Canada, 290 AD2d 318, 319 [1st Dept 2002], lv denied 98 NY2d 602 [2002]). Additionally, the amended complaint adequately pleads monetary damages, which may be an appropriate remedy in a breach of contract action regarding the issuance of securities. [*2]Moreover, whether such remedy is appropriate is an issue properly determined on a summary judgment motion and not on a motion to dismiss (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 415 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK