Burns v C.R.B. Holdings, Inc. (2024 NY Slip Op 03609)

Burns

2024 NY Slip Op 03609

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, AND NOWAK, JJ.

287 CA 23-00750

[*1]JASON BURNS, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF C.R.B. HOLDINGS, INC., PLAINTIFF-APPELLANT,
v
C.R.B. HOLDINGS, INC. AND ROBERT BURNS, DEFENDANTS-RESPONDENTS.

LAW OFFICES OF JOHN P. BARTOLOMEI & ASSOCIATES, NIAGARA FALLS (MATTHEW J. BIRD OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON LLP, BUFFALO (CHARLES J. ENGLERT, III, OF COUNSEL), AND CHRISTEN E. CIVILETTO, EAST AMHERST, FOR DEFENDANTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered April 6, 2023. The order granted the motion of defendants insofar as it sought to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking dismissal of the first, third, fifth, sixth, and tenth causes of action, reinstating those causes of action, and severing the third, fifth, sixth, and tenth causes of action and holding those causes of action in abeyance pending a determination on the first cause of action, and as modified the order is affirmed without costs.
Memorandum: In this action alleging oppressive conduct by defendant Robert Burns, the majority shareholder of defendant C.R.B. Holdings, Inc. (C.R.B.), plaintiff appeals from an order that granted defendants' motion insofar as it sought to dismiss the amended complaint.
On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, we must "accept the facts as alleged in the complaint as true, accord [the] plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]). "Whether a plaintiff can ultimately establish [their] allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]).
Here, plaintiff alleges that his employment was terminated effective November 6, 2020 and that, consistent with section 3.4 of the parties' Shareholders Agreement, "[t]he consummation of any purchase of [plaintiff's] Shares by [C.R.B.]" was required to "take place on a date not more than sixty (60) days following the effective date of the termination of the employment of [plaintiff]." Plaintiff further alleges that defendants failed to comply with the Shareholders Agreement because they waited well beyond 60 days to exercise C.R.B.'s option to purchase plaintiff's shares when they "purported[ ]" to proceed with the closing on June 25, 2021. In his first cause of action, plaintiff seeks a judgment declaring that the "purported transfer and sale of shares are void and rescinded."
Inasmuch as an "optionee must exercise the option 'in accordance with its terms within the time and in the manner specified in the option' " (Kaplan v Lippman, 75 NY2d 320, 325 [1990]), and plaintiff alleges facts that, if true, support the conclusion that defendants failed to do [*2]so here, we conclude that Supreme Court erred in dismissing plaintiff's cause of action seeking declaratory relief.
We further agree with plaintiff that whether the court erred in concluding that he lacks standing to maintain a derivative action depends on whether defendants properly exercised C.R.B.'s option to purchase plaintiff's shares. If they did not, then plaintiff has the right to maintain derivative causes of action as a shareholder of C.R.B. (see generally Center v Hampton Affiliates, 66 NY2d 782, 785-786 [1985]). Inasmuch as plaintiff's standing to assert derivative causes of action under Business Corporation Law § 626 depends on whether he prevails in his cause of action seeking a declaratory judgment, we conclude that plaintiff's derivative causes of action should be severed and held in abeyance pending disposition of plaintiff's declaratory judgment cause of action (see Center, 66 NY2d at 786).
We therefore modify the order by denying those parts of the motion seeking dismissal of the first, third, fifth, sixth, and tenth causes of action, reinstating those causes of action, and severing the third, fifth, sixth, and tenth causes of action and holding those causes of action in abeyance pending a determination on the first cause of action (see id.).
We have considered plaintiff's remaining contentions, i.e., those with respect to the second, fourth, seventh, eighth, ninth, and eleventh causes of action, and conclude that they lack merit. We have also considered defendants' contentions raised as alternative grounds for affirmance with respect to the third, fifth, sixth, and tenth causes of action (see generally Parochial Bus Sys. v Board of Educ. of
City of N.Y., 60 NY2d 539, 545-546 [1983]) and conclude that they lack merit.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court